FILED
2022 Sep-09  PM 05:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY D. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | CV-22- |
| | ) | JURY DEMAND |
| BIRMINGHAM WATER WORKS | ) | |
| BOARD (BWWB), | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I.  INTRODUCTION

1.    This is an action alleging disability discrimination and retaliation in violation of Title I and II of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("§ 504"), brought by Plaintiff, Tommy Williams ("Williams") against Defendant, Birmingham Water Works Board ("BWWB"). Plaintiff is an individual with a disability, has a history of disability, and is perceived as having a disability. Defendant is a recipient of federal funding. Defendant discriminated against Plaintiff based on his disability in violation of the ADA and the Rehabilitation Act.

1

2.     Plaintiff seeks injunctive relief, equitable relief, compensatory, nominal, and liquidated damages, and reasonable attorney fees and costs.

## II.   JURISDICTION

3.     This Court has jurisdiction in accordance with 28 U.S.C. 1331 and 38 U.S.C. 4323(b). Venue is proper pursuant to 28 U.S.C. 1391.

4.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I & 2 of the ADA. Plaintiff is an individual with a disability, has a history of disability, and is perceived as having a disability. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. On or about June 16, 2022, after investigating the claim, the Equal Employment Opportunity Commission issued a Right to Sue Notice. Plaintiff timely filed this lawsuit within 90 days of his receipt of the Notice of Right to Sue.

5.     Plaintiff has also fulfilled all conditions precedent to the institution of this action under Section 504 of the Rehabilitation Act of 1973. Plaintiff is an individual with a disability, has a history of disability, and is perceived as having a disability. Defendant is a recipient of federal funding. Plaintiff has timely filed this lawsuit within 2 years of the termination of his employment with Defendant.

## III.   PARTIES

6.     Plaintiff, Tommy D. Williams, is an individual over the age of 19 years and a resident of Alabaster, Jefferson County, Alabama.  Plaintiff was qualified to perform his job with Defendant.

7.     Defendant Birmingham Water Works Board (BWWB) is an "employer" as defined under the ADA and the Rehabilitation Act and is subject to compliance under the statute.  42 U.S.C. 12111(5); 29 U.S.C. 2611(4).  Defendant does business in Birmingham, Jefferson County, Alabama.

## IV.   FACTUAL ALLEGATIONS

8.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

9.     Plaintiff is an individual with a disability that substantially limits a major life activity.  Plaintiff has severe back issues which limit his ability to stand, stoop, and bend.  Plaintiff also has a record of a disability and was perceived by the Defendant as having a disability.

10.     Plaintiff worked for Defendant for approximately three years prior to his termination.  The last position that Plaintiff held with Defendant was a Dump Truck Driver.

11.     Prior to the Dump Truck Driver position, Plaintiff worked as a leak man.  Working in this position caused Plaintiff to perform tasks, such as bending and working in a hole, which aggravated Plaintiff's medical condition related to his back injury.  Thereby Plaintiff requested to be removed from the leak man position, which resulted in a pay cut and a change in job duties.

12.     Plaintiff's request to be moved off the leak man position was approved, and he was transferred to a truck helper position.  Plaintiff worked in this position for over a year without any issues.

13.     When a Dump Truck Driver position was posted, and Plaintiff applied for the position.  Plaintiff received the position and was promoted to Dump Truck Driver.

14.     Prior to Plaintiff's promotion, the previous Dump Truck Driver, Ben Horn, was allowed to earn overtime pay a few days a week.  After Plaintiff was promoted into the position, the overtime pay was immediately taken away.

15.     On the first day Plaintiff started his position as Dump Truck Driver, his new supervisor, Milton Carpenter, made it known that he did not want the plaintiff in his department.  Despite this issue, Plaintiff attempted to perform the duties and responsibilities for which he was promoted into to the best of his abilities.

16.     After being late to an assignment because he was working another assignment, despite advising his supervisor that he had been on another assignment,

4

Plaintiff was given a counseling by Carpenter. Plaintiff accepted the counseling to keep the peace with his new supervisor and position. However, Mr. Carpenter then told Plaintiff he was going to punish him further by making him perform leak man duties. Plaintiff questioned these actions by Mr. Carpenter and informed him that he had a medical condition, his back injury, which prevented him from performing the leak man duties. Carpenter requested medical documentation from Plaintiff related to his back condition, which Plaintiff brought to him.

17. Plaintiff attempted on numerous occasions to complain to the HR Manager, Charlotte Harris, however, she would not listen to his complaints. After several attempts to voice his concerns over the discriminatory treatment Plaintiff was receiving my Mr. Carpenter, Cherita King took a statement from him. Toward the end of August 2020, Plaintiff advised in writing that he was being harassed by Mr. Carpenter because Carpenter was trying to get him to perform duties that he could not perform because of his medical condition. Plaintiff's duties as a Dump Truck Driver did not include leak man duties. Plaintiff also reported that Mr. Carpenter was recruiting other employees to harass him.

18. As a result of Plaintiff's complaint, he was transferred back to his old department pending the outcome of his complaint.

19. During the investigation into his complaint, Plaintiff was supervised by and employee named Hayden. Prior to December 18, 2020, Hayden asked Plaintiff

if he had gotten into a verbal altercation with Ben Horn. Both Plaintiff and a witness for Plaintiff told Hayden he had not engaged in the verbal altercation.

20.   On December 18, 2020, Plaintiff was called into the office and informed of the outcome of the investigation regarding his complaint about Mr. Carpenter and the disability harassment. Plaintiff believes that Mr. Carpenter was reprimanded.

21.   However, that same day, Plaintiff was suspended, pending investigation, allegedly due to the allegations of harassing Ben Horn and other employees. Plaintiff was told an investigation would be conducted; however, not all of Plaintiff's witness were contacted for a statement or interview regarding the investigation.

22.   On January 31, 2021, Plaintiff was terminated.

23.   Plaintiff is a qualified individual with a "disability", as that term is defined by the Americans with Disabilities Act. He also has a record of a disability and was regarded by Defendant as having a disability.

24.   Plaintiff could perform the essential functions of the job of Dump Truck Driver with or without reasonable accommodations.

25.   Through the actions and inactions described above, Defendant discriminated against Plaintiff based on his disability, history of a disability, and its perception of him as disabled.

26.     Defendant failed to engage in the interactive process and failed to provide a reasonable accommodation, if needed.

27.     Defendant unlawfully terminated Plaintiff's employment.

28.     Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

29.     Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

V.    **CAUSES OF ACTION**

<u>**COUNT I**</u>
<u>**CLAIM OF DISCRIMINATION PURSUANT TO TITLE I OF THE AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT**</u>

30.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

31.     Plaintiff is a person with a disability and had a history of disability.

32.     Defendant is a covered entity and an employer under the ADA and Rehabilitation Act.  Defendant is a recipient of federal funding.

33.     Plaintiff is a qualified individual as defined under the ADA and Rehabilitation Act.

34.     Under the ADA and Rehabilitation Act, Defendant is prohibited from discriminating against Plaintiff by excluding or otherwise denying equal jobs or

benefits to him, a qualified individual, because of the known disability, a record of a disability or being regarded as disabled.

35.    The ADA and Rehabilitation Act's protection against discrimination also prohibits utilizing standards, criteria, or methods of administration that have the effect of discrimination based on disability.

36.    Defendant was aware of Plaintiff's disability, history of disability and regarded Plaintiff as disabled. Defendant denied Plaintiff equal benefits when it through the actions and inactions described above, discriminated against Plaintiff based on his disability, history of a disability, its perception of him as disabled, and failure to engage in the interactive process and failed to provide a reasonable accommodation, if needed, in violation of the ADA and Rehabilitation Act.

37.    In terminating Plaintiff and denying him equal benefits, Defendant has maliciously, intentionally, and with reckless disregard discriminated against Plaintiff as a person with disability and a record of disability, and who is regarded as a person with a disability and has otherwise classified and segregated Plaintiff in a way that has adversely affected his job opportunities because he is a person with a disability and a history of disability.

38.    Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

39.    Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT TWO
## RETALIATION PURSUANT TO THE ADA AND REHABILITATION ACT

40.    Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

41.    Plaintiff engaged in protected activity by making complaints of disability harassment and discrimination against his supervisor.

42.    Plaintiff was then terminated because of his actions.

43.    Defendant's actions, which happened soon after Plaintiff's complaints, are causally related to Plaintiff's protected activity.  Plaintiff was suspended on or about the same day he learned about the results of investigation into his complaints of disability discrimination and harassment.

44.    Defendant's reason for terminating Plaintiff was pretext for retaliation.

45.    As a result of this retaliatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

46.    Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

47.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive

and declaratory judgment is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of Defendant, including the action taken against Plaintiff by Defendant, are violative of Plaintiff's rights as secured by Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act of 1973.

2.   Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to Title I of the Americans with Disabilities Act and the Rehabilitation Act of 1973.

3.   Award Plaintiff damages including reinstatement and/or front pay, back pay, nominal, and compensatory damages.

4.   Award Plaintiff reasonable costs, attorney's fees, and expenses.

5.   Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE CLAIMS**

Respectfully submitted,

Kevin W. Jent
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
kjent@wigginschilds.com

*Counsel for Plaintiff*

**DEFENDANT'S ADDRESS**
   To be served via Certified Mail

Birmingham Water Works Board
3600 First Avenue North
PO Box 830110
Birmingham, Alabama 35283-0110